**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARRIN DAVID SMITH, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 23-1018 (UNA) |
| ) | |
| DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court grants the application and, for the reasons discussed below, dismisses the complaint.

The Court construes the complaint as one demanding monetary compensation of $9 billion, *see* Compl. at 12, for the years plaintiff spent in custody, initially pursuant to warrants issued by state courts in South Carolina, *see id*. at 3-4, and later while serving a federal sentence, *see id*. at 4-7, allegedly in violation of rights protected by the Fourth Amendment to the United States Constitution, *see id*. at 1, 2. This claim fails.

As the Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994); *Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (applying the *Heck* rule to *Bivens* actions). Plaintiff does not allege that his

convictions or sentences have been reversed or otherwise invalidated, and, therefore, his claim for damages fails.  *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*, No. 07-1172, 2008 WL 2202219, at *1 (D.D.C. May 27, 2008).  This outcome should come as no surprise to plaintiff, as his previous claims, filed in the District of South Carolina, have also been unsuccessful.  *See Smith v. County of Greenville*, No. 6:18-cv-1744 (D.S.C. Aug. 7, 2018) (adopting Amended Report of Magistrate Judge to dismiss without prejudice under *Heck*); *Smith v. Brown*, No. 6:09-cv-2903 (D.S.C.  Jan. 26, 2010) (dismissing *Bivens* claims against federal officials and dismissing claims against State officials under *Heck*).

     An Order is issued separately.


DATE: May 4, 2023                                             /s/
                                                                           JIA M. COBB
                                                                           United States District Judge